IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-506 |
| ) | |
| THE CINCINNATI INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

This matter arises from a dispute over coverage under an insurance policy that was issued to Plaintiff Joyce Bell by Defendant The Cincinnati Insurance Company. According to the allegations in the Amended Complaint (Docket No. 10), the policy provided coverage for Plaintiff's residential property, but when the property suffered weather-related damage, Defendant wrongfully denied Plaintiff's claim. Plaintiff's Amended Complaint contains two Counts: breach of contract at Count I, and violation of Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371 ("Section 8371"), at Count II. (Docket No. 10 at 5-11).

Presently before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 12), in which Defendant seeks dismissal of Plaintiff's bad faith claim at Count II, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In Defendant's brief filed in support of its motion (Docket No. 13), Defendant argues that Plaintiff's bad faith claim must be dismissed because the Amended Complaint fails to allege sufficient facts to establish a plausible cause of action under Section 8371. Instead, according to Defendant, Plaintiff relies on non-specific, conclusory averments that merely assert – using boilerplate language – that she is entitled to the damages available under that

1

statute.  (Docket No. 13 at 3).  Additionally, Defendant argues that all of Plaintiff's factual allegations simply relate to a coverage dispute between the parties, and that a mere failure to pay on demand, without more, does not amount to bad faith.  (*Id.* at 3-6).

Plaintiff did not file a response to Defendant's motion and brief.

Upon review of the Amended Complaint, the Court agrees with Defendant's assertion that Plaintiff has failed to allege facts to state a plausible bad faith claim under Section 8371.  As the Honorable Mark R. Hornak, Chief Judge of this Court, explained in dismissing a Section 8371 bad faith claim in *Ream v. Nationwide Property & Casualty Insurance Company*, No. 2:19-cv-768, 2019 WL 4254059, at *3 (W.D. Pa. Sept. 9, 2019):

> To succeed on a bad faith claim, "a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006)). While the insurer's frivolous or unfounded refusal to pay benefits is the crux of a bad faith claim, our Court of Appeals, interpreting Pennsylvania law, has also recognized that bad faith conduct may encompass an insurer's unreasonable "lack of investigation into the facts" or "failure to communicate with the insured." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio*, 899 A.2d at 1143 (citing *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)).

Here, the Court agrees that Count II should be dismissed because Plaintiff fails to set forth facts that are sufficient to meet the relevant pleading standards.  Plaintiff's conclusory averments are devoid of detailed factual allegations to explain how Defendant's evaluation and coverage determination was inadequate, unfair, or unreasonable.  Plaintiff narrates the sequence of events that allegedly occurred, she objects to Defendant relying on its expert instead of the opinion of her expert, and she makes conclusory averments as to Defendant's knowledge.  Additionally, Plaintiff lists, in summary, the same allegations in both her bad faith claim and her breach of contract claim,

while notably failing to include detailed allegations as to how Defendant's conduct specifically violated Section 8371:

> 62. Defendant's conduct in denying Plaintiff's claim violated its fiduciary, contractual and/or statutory duties **by acting in bad faith in violation of 42 Pa.C.S.A. 8371 in:** [omission in original and emphasis added]
>
> 63. Defendant is in breach of its contract with Plaintiff due to:
>     a. Failure to fully pay Plaintiff's claim; and/or
>     b. Arbitrary failure to pay Plaintiff's claim; and/or
>     c. Unreasonable delay in payment of Plaintiff's claim; and/or
>     d. Denial of payment due and owing under the Policy in complete disregard of Plaintiff's need for compensation for various expenses; and/or
>     e. Failure to process and to pay Plaintiff's claim in the absence of a colorable justification or excuse; and/or
>     f. Misconduct which forced Plaintiff to institute litigation so as to obtain consideration of its claim.

(Docket No. 10, Count II – Bad Faith, ¶¶ 62, 63).

Thus, while Plaintiff makes numerous allegations in the Amended Complaint, her conclusory statements in support of her bad faith claim are simply insufficient to state a plausible claim for relief. As Count II is devoid of facts explaining specifically "'who, what, where, when, and how'" Defendant failed to handle Plaintiff's claim in good faith, the facts do not sufficiently detail which of Defendant's acts or omissions constitute bad faith, separately or in conjunction with others. *Merrill v. State Farm Fire & Cas. Co.*, Civ. Action No. 12-1328, 2013 WL 588515, at *5 (W.D. Pa. Feb. 13, 2013) (quoting *Liberty Ins. Corp. v. PGT Trucking, Inc.*, No. 2:11-cv-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011)). While Plaintiff's allegations may be sufficient to plead a claim of breach of contract, they are insufficient to plead a claim of bad faith under Section 8371. *See, e.g., Ream*, 2019 WL 4254059, at *4 (noting that the plaintiff's allegations may have been sufficient to plead breach of contract, but they were insufficient to plead bad faith under the Pennsylvania statute). Accordingly, the Court will grant Defendant's motion pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Count

II of Plaintiff's Amended Complaint will be dismissed.  Such dismissal will be without prejudice to Plaintiff's ability to amend her claim, should she wish to do so, in a Second Amended Complaint.

Accordingly, the Court enters the following Order:

AND NOW, this 1st day of July, 2024, IT IS HEREBY ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 12) is GRANTED, and Plaintiff's bad faith claim in Count II of the Amended Complaint is DISMISSED WITHOUT PREJUDICE.

Plaintiff may file a Second Amended Complaint, pleading facts sufficient to show a plausible statutory bad faith claim against Defendant, by **July 22, 2024**, in which case Defendant's response thereto is due by **August 12, 2024**.  If Plaintiff chooses not to file a Second Amended Complaint by **July 22, 2024**, Defendant's answer to the remainder of Plaintiff's Amended Complaint is due by **August 12, 2024**.

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record